Parminder SINGH, Petitioner,

v.

Michael B. MUKASEY, Attorney General, Respondent.

No. 06–74955.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 28, 2008.*

Filed Nov. 4, 2008.

Parminder Singh, Harrisburg, PA, pro se.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Terri J. Scadron, Esq., Hillel R. Smith, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before HAWKINS, RAWLINSON, and M. SMITH, Circuit Judges. .

MEMORANDUM **

Parminder Singh, a native and citizen of India, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") removal order. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo claims of constitutional violations in immigration proceedings. *Ram v. INS*, 243 F.3d 510, 516

---

ed by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

(9th Cir.2001). We dismiss the petition for review.

We agree with the BIA's conclusion that Singh's appeal waiver, communicated to the IJ through counsel, was effective, given that Singh knowingly and intelligently withdrew his application for asylum before the IJ, and raised no ineffective assistance of counsel claim. *Cf. Magallanes–Damian v. INS*, 783 F.2d 931, 934 (9th Cir.1986) (aliens "are generally bound by the conduct of their attorneys, including admissions made by them, absent egregious circumstances"). As the appeal waiver was effective, the BIA properly dismissed Singh's appeal for lack of jurisdiction. *Cf. Biwot v. Gonzales*, 403 F.3d 1094, 1098 (9th Cir.2005).

**PETITION FOR REVIEW DISMISSED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.